**Daniel Snyder, OSB No. 78385**
dansnyder@lawofficeofdanielsnyder.com
**Carl Post, OSB No. 06105**
carlpost@lawofficeofdanielsnyder.com
**John David Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249

     Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **ALICIA ROBILLON,**<br><br>     Plaintiff**,**<br><br>v.<br><br>**RUBY RECEPTIONISTS, INC., A DELAWARE CORPORATION**<br><br>     Defendant. | Case No. 3:22-cv-01941<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>UNLAWFUL EMPLOYMENT ACTIONS<br>FMLA; ADA & Supplemental State Law Claims |

## PRELIMINARY STATEMENT

1.    This is an action for damages, including compensatory damages, equitable relief, including injunctive and declaratory relief, attorneys' fees, costs, and interest.

PAGE 1 – COMPLAINT AND DEMAND FOR JURY TRIAL

2.  In this action, Plaintiff Alicia Robillon brings claims against Defendant Ruby Receptionists Inc., a Delaware Corporation, her former employer, for violations of Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112, the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq.; as well as supplementary state claims ORS 659A.112, ORS 659A.150, et seq. (OFLA), and ORS 659A.040. As alleged herein, said defendant discriminated and retaliated against Plaintiff because of her disability and for taking protected medical leave. Further, said defendant failed to engage in the interactive process or provide reasonable accommodations. Said defendant also interfered with Plaintiff's use of medical leave. Plaintiff seeks equitable relief as well as economic and non-economic damages, attorneys' fees, and costs.

## JURISDICTION

3.  This Court has subject matter jurisdiction of this lawsuit under both 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1343 (civil rights jurisdiction).

4.  Venue is proper in the Portland Division of the District of Oregon pursuant to 28 U.S.C. § 1391(b) because the claim arose in this Judicial District because a substantial part of the events giving rise to the claims occurred in Multnomah County which is in the Portland Division.

5.  Plaintiff requests this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to all causes of action based on Oregon statutory provisions or common law as the state claims arise from the same nucleus of operative facts as the federal claims.

6.  All preconditions to jurisdiction pursuant to 42 U.S.C. §2000e-5 have been satisfied.

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

      a.      On October 12, 2021, Plaintiff filed a perfected complaint of employment discrimination and retaliation with the Oregon Bureau of Labor and Industries Civil Rights Division (BOLI CRD), case no. DPEMDP211004-12076, for violation of Oregon employment discrimination law including disability discrimination in employment, medical leave interference (OFLA), Oregon Sick Leave Law, whistleblowing, and other Oregon Unlawful Employment Practices.

      b.      On October 12, 2021, BOLI CRD co-filed a charge with the Equal Employment Opportunity Commission (EEOC), charge no. 38D-2022-0025C under Title I of the Americans With Disabilities Act.

      c.      On September 16, 2022, BOLI CRD issued a right-to-sue letter for case no. DPEMDP211004-12076.

      d.      On September 20, 2022, the EEOC issued a dismissal and right to sue notice for charge no. 38D-2022-0025C.

## PARTIES

7.      Plaintiff Alicia Robillon ("Plaintiff") is a citizen of the United States of America. At all times relevant, Plaintiff was an employee of Defendant. Plaintiff worked for Defendant in Portland, in Multnomah County, Oregon.

8.      Defendant Ruby Receptionists, Inc. (hereafter "Defendant" or "the defendant") is a Delaware corporation, qualified to do business in Oregon.

## GENERAL FACTUAL ALLEGATIONS

9.      Plaintiff has a disability. Plaintiff suffers from a permanent physical or mental condition that substantially impairs one or more major life activities.

10.      On January 19, 2017, Plaintiff began working as a receptionist for Defendant. Her

PAGE 3 – COMPLAINT AND DEMAND FOR JURY TRIAL

job duties were reception and customer service. Plaintiff was a full-time employee.

11. Defendant provides remote receptionists to businesses nationwide, twenty-four hours per day, seven days per week.

12. Defendant's receptionists work from their home rather than from a bricks and mortar workplace. Plaintiff worked from her home in Portland, Oregon.

13. Plaintiff's supervisor or coach was Christy Connell. Ms. Connell had her office in Beaverton, Oregon.

14. Over the four and a half years that Plaintiff worked for Defendant she received multiple performance reviews. Defendant consistently rated her work and statistics as surpassing company expectations.

15. Plaintiff typically worked four ten hour shifts per week. However, because Defendant provides receptionist services nationwide, twenty-four hours a day, seven days a week, both during normal business hours and after hours, there are a wide variety of shifts and work days available for employees to work.

16. In September 2020, Plaintiff requested intermittent medical leave under the Family Medical Leave Act (FMLA) for the symptoms of her disability. Defendant approved Plaintiff's request for intermittent medical leave.

17. After applying for medical leave, Plaintiff continued working four ten hour days, occasionally taking intermittent medical leave.

18. In November 2020, Defendant changed its attendance policy so that attendance points would be based on a combination of occurrences and hours.

19. In March 2021, Plaintiff's coach, Christy Connell, left employment with Defendant. Defendant transferred Plaintiff to a new team in which she was supervised by a new

PAGE 4 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

coach, Caitlin Hall. Like Connell, Caitlin Hall said her office was located in Beaverton, Oregon.

20. During Plaintiff's second virtual meeting, Caitlin Hall said that Plaintiff was within an acceptable number of sick occurrences. However, Hall claimed that Plaintiff had taken more than the allowable number of sick hours. Plaintiff raised with Hall that she had been granted intermittent medical leave, so that likely those sick hours were protected time off.

21. On April 1, 2021, Defendant disciplined Plaintiff for attendance. Defendant through Caitlin Hall issued Plaintiff a first warning.

22. Subsequent to receiving the first attendance warning, Plaintiff received the CDC-recommended COVID vaccine. Plaintiff requested time off from work due to symptoms she was having after the vaccination.

23. In May 2021, Plaintiff called out from work on intermittent medical leave.

24. In May 2021, Plaintiff spoke with Alex Jamison in Defendant's Human Resources department. Ms. Jamison in Human Resources. Ms. Jamison told Plaintiff that Plaintiff was missing too much time from work on medical leave, and she was going to require Plaintiff to reapply for FMLA intermittent medical leave. Ms. Jamison also said she would only approve the days Plaintiff missed from work in May for COVID vaccine symptoms as FMLA eligible only if Plaintiff got a physician to confirm Plaintiff was ill on those days. Plaintiff explained that she had not seen a physician while ill with vaccine symptoms.

25. In May 2021, Plaintiff reapplied for FMLA intermittent leave. Plaintiff requested that her physician complete another Certification of Healthcare Provider.

26. On June 3, 2021, Caitlin Hall informed Plaintiff she was leaving employment with Defendant. Hall then gave Plaintiff a third warning for attendance, skipping a second attendance warning. Hall told Plaintiff s "don't call out again, you could be fired."

PAGE 5 – COMPLAINT AND DEMAND FOR JURY TRIAL

27. In June 2021, Plaintiff received a message from Megan Johnson, head of Receptionist Services, asking Plaintiff to meet with her. On June 10, 2021, Platin met with Ms. Johnson, through Microsoft Teams. Ms. Johnson said that Defendant had retroactively decided that FMLA did not cover the days Plaintiff had taken off work. Ms. Johnson said that although Plaintiff had not called in again, Defendant had decided to fire Plaintiff for attendance.

## FIRST CLAIM FOR RELIEF

### (Title I of the ADA, Count I – Discrimination)

28. Plaintiff re-alleges all above relevant paragraphs as though fully set forth herein.

29. At all times material, defendant was an employer for the purpose of, and subject to, the ADA.

30. Plaintiff has an impairment, which substantially limits one or more major life activities, has a history or record of such impairment, or was regarded by Defendant as having such impairment.

31. After Plaintiff disclosed her disability to Defendant, it began to discriminate against her as alleged above. Said discrimination was based on the defendant's failure to reasonably accommodate Plaintiff, disparate treatment, and retaliation.

32. Defendant failed to engage in the interactive process with Plaintiff.

33. Plaintiff requested reasonable accommodations from Defendant.

34. At all relevant times, Plaintiff was able to perform the essential functions of her position, with or without reasonable accommodation.

35. Defendant discharged Plaintiff from employment.

36. Defendant's conduct violated 42 U.S.C. § 12112.

PAGE 6 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

37. As a result, Plaintiff suffered damage and is entitled to the damages and other relief set forth below.

### (Title I of the ADA, Count II – Retaliation)

38. Plaintiff re-alleges all relevant paragraphs as though fully set forth herein.

39. Defendant retaliated against Plaintiff for pursuing her rights in accordance with the ADA. Such actions by Defendant are in violation of the ADA.

40. As a result, Plaintiff suffered damage and is entitled to the damages and other relief set forth below.

### SECOND CLAIM FOR RELIEF

### (Oregon Disability Discrimination - ORS 659A.103 et seq.)

41. Plaintiff re-alleges all above relevant paragraphs as though fully set forth herein.

42. Plaintiff is a 'disabled person' as defined at ORS 659A.104(1).

43. Defendant is an 'employer' as defined at ORS 659A.106.

44. After Plaintiff disclosed her disability to Defendant, it began to discriminate against her as alleged above. Said discrimination was based on its failure to reasonably accommodate Plaintiff, disparate treatment, retaliation, and a hostile work environment.

45. Defendant failed to engage in the interactive process with Plaintiff.

46. Plaintiff could perform the essential functions of her job with Defendant with the reasonable accommodations of allowing her to miss work as an accommodation for her disability.

47. Defendant's refusal to provide reasonable accommodations for Plaintiff's known disability constitutes discrimination against her pursuant to ORS 659A.103 et seq.

PAGE 7 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

48. As a result, Plaintiff suffered damage and is entitled to the damages and other relief set forth below.

## THIRD CLAIM FOR RELIEF

## (FMLA – 29 U.S.C. § 2601 et seq.)

49. Plaintiff re-alleges all above relevant paragraphs as though fully set forth herein.

50. Defendant is an 'employer' within the meaning of 29 U.S.C. § 2611(4).

51. Defendant employed at least 50 employees for each working day during each of 20 or more calendar work weeks during the year before Plaintiff took leave and during the year Plaintiff took leave.

52. At all times material, Plaintiff was an 'eligible employee' within the meaning of 29 U.S.C. § 2611(2).

53. At all times relevant, Defendant employed 50 or more employees with 75 miles of the worksite where Plaintiff performed work for it.

54. Defendant employed Plaintiff for at least 1,250 hours of service during the 12-month period immediately preceding the commencement of the leave.

55. Defendant employed Plaintiff for more than 12 months prior to Plaintiff taking leave\.

56. At all times material, Plaintiff was an 'eligible employee' within the meaning of 29 U.S.C. § 2611(2).

57. Plaintiff took medical leave and family leave protected by FMLA.

58. At all material times, Plaintiff suffered from a serious health condition, as defined by 29 U.S.C. § 2611(11).

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

59. Defendant interfered with Plaintiff engaging in the protected activity of taking medical and family leave under FMLA.

60. Defendant interfered with Plaintiff taking medical leave by taking adverse employment actions against her, including, but not limited to, taking away her job duties, transferring her, and trying to make her quit her job.

61. As a direct and proximate result of the Defendant's interference, Plaintiff has suffered lost income and will continue to suffer past and future wages, past and future benefits, and other expenses, all to her economic damages in an amount to be determined at trial.

62. The Court should enter an order declaring that Defendant violated the FMLA.

63. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, she is entitled to an award of pre-judgment interest at the legal rate from the date the damage occurred until the date of judgment.

64. Plaintiff is entitled to an award of liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A).

65. Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to an award of attorneys' fees, expert fees, and costs incurred herein.

66. Plaintiff is entitled to post-judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date of payment.

## FOURTH CLAIM FOR RELIEF

### (OFLA – ORS 659A.150 et. seq.)

67. Plaintiff re-alleges all above relevant paragraphs as though fully set forth herein.

68. Plaintiff took medical leave protected by the Oregon Family Leave Act (OFLA).

PAGE 9 – COMPLAINT AND DEMAND FOR JURY TRIAL

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

69. Defendant employed 25 or more persons in the State of Oregon for each working day during each of 20 or more calendar workweeks in the years before Plaintiff took leave.

70. Defendant employed 25 or more persons in the State of Oregon for each working day during each of 20 or more calendar workweeks in the year Plaintiff took leave.

71. Immediately prior to commencing family leave, Plaintiff worked for Defendant for more than 180 days.

72. Plaintiff worked an average of more than 25 hours per week for Defendant during the 180 days immediately preceding the date on which she commenced leave.

73. At all material times, Plaintiff had a serious health condition as that term is defined in ORS 659A.150(6).

74. Defendant interfered, discriminated, and retaliated against Plaintiff for taking family and medical leave by taking adverse employment actions against her, including, but not limited to, terminating her employment.

75. As a result of Defendant's interference, discrimination, and retaliation against her, Plaintiff suffered and continued to suffer economic losses.

76. As a result of the Defendant's discrimination and retaliation against her, Plaintiff is entitled to equitable relief and back pay.

77. The Court should enter an order declaring that Defendant violated the OFLA.

78. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, she is entitled to an award of pre-judgment interest at the legal rate from the date the damage occurred until the date of judgment.

79. Pursuant to ORS 659A.885(1) and ORS 20.107, Plaintiff is entitled to recover her reasonable attorneys' fees and costs, including expert witness fees.

PAGE 10 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

80. Plaintiff is entitled to post-judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## FIFTH CLAIM FOR RELIEF

(ORS 653.651 Oregon Sick Leave Law)

81. Plaintiff re-alleges all relevant paragraphs as if fully set forth herein.

82. Plaintiff took sick leave protected by ORS 653.641.

83. Defendant employed ten or more persons in the State of Oregon.

84. Prior to taking leave, Plaintiff was employed for more than 90 days, and Plaintiff was already employed on January 1, 2016.

85. Plaintiff was absent from work for her own serious health condition and illness.

86. Defendant interfered, discriminated, and retaliated against Plaintiff for taking leave by taking adverse employment actions against Plaintiff, including, but not limited to, discharging Plaintiff.

87. As a result of Defendant's interference, discrimination, and retaliation against Plaintiff, Plaintiff suffered and continues to suffer economic losses.

88. As a result of Defendant's interference, discrimination, and retaliation against Plaintiff, Plaintiff is entitled to equitable relief.

89. Pursuant to ORS 659A.885, Plaintiff is entitled to recover back pay.

90. The Court should enter an order declaring that Defendant violated ORS 653.641.

91. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, he is entitled to an award of pre-judgment interest at the legal rate from the date the damage occurred until the date of judgment.

92. Pursuant to ORS 659A.885(1) and ORS 20.107, Plaintiff is entitled to recover her

PAGE 11 – COMPLAINT AND DEMAND FOR JURY TRIAL

reasonable attorneys' fees and costs, including expert witness fees.

93. Plaintiff is entitled to post-judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date of payment.

## PRAYER FOR RELIEF

Plaintiff prays for the following judgment against Defendant:

A. A sum which will fully compensate Plaintiff for Plaintiff's non-economic damages in a sum that is just as determined by a jury;

B. A sum which will fully compensate Plaintiff for Plaintiff's economic damages in a sum that is just as determined by a jury;

C. Equitable relief, including, but not limited to, reinstatement if Plaintiff so chooses;

D. Liquidated damages;

E. Plaintiff's costs and disbursements incurred herein; Plaintiff's attorneys' fees; and

## DAMAGES FOR PLAINTIFF'S FIRST, SECOND, AND FIFTH CLAIMS FOR RELIEF

94. Plaintiff is entitled to equitable relief, including, but not limited to, a declaration or order from the Court finding that the City violated her statutory rights, and an injunction prohibiting further discrimination and retaliation.

95. Plaintiff is entitled to an award for past lost wages and benefits and future lost earnings, benefits, and lost earning capacity, and other compensatory damages for past and future pecuniary losses. Plaintiff should be awarded economic damages in an amount determined fair by a jury.

PAGE 12 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

96.   Plaintiff is entitled to non-economic damages sufficient to compensate her for emotional distress and other nonpecuniary losses in an amount to be proven at trial. Plaintiff should be awarded non-economic damages in an amount determined fair by a jury.

97.   To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, she is entitled to an award of pre-judgment interest at the legal rate from the date the damage occurred until the date of judgment.

98.   Pursuant to 42 U.S.C. § 1988, 42 U.S.C. §2000e-5, ORS 659A.885, ORS 20.107, Plaintiff is entitled to an award of attorneys' fees, expert witness fees, and costs incurred herein.

99.   Plaintiff is entitled to post-judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date of payment.

**Plaintiff demands a trial by Jury.**

DATED: December 15, 2022.

**Law Offices of Daniel Snyder**

*/s/ Daniel Snyder*
Daniel Snyder, OSB No. 783856
dansnyder@lawofficeofdanielsnyder.com
Carl Post, OSB No. 06105
carlpost@lawofficeofdanielsnyder.com
John David Burgess, OSB 106498
johnburgess@lawofficeofdanielsnyder.com
Tel: (503) 241-3617 / Fax: (503) 241-2249
      Attorneys for Plaintiff

PAGE 13 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249